GARRETT v INTERNATIONAL INSURANCE
COMPANY

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATE CLASSIFICATION
   —DISCRETION—REASONABLE BASIS.
   The equal protection clause of the Fourteenth Amendment does
   not take from the state the power to classify in the adoption of
   police laws, but admits of the exercise of a wide scope of
   discretion in that regard, and avoids what is done only when it
   is without any reasonable basis and therefore is purely arbi-
   trary.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATE CLASSIFICATION
   —REASONABLE BASIS.
   A state classification having some reasonable basis does not
   offend against the equal protection clause merely because it is
   not made with mathematical nicety or because in practice it
   results in some inequality.

3. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATE CLASSIFICATION
   —STATE OF FACTS—ASSUMPTIONS.
   When a state classification is challenged on equal protection
   grounds, if any state of facts reasonably can be conceived that
   would sustain it, the existence of that state of facts at the time
   the law was enacted must be assumed.

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATE CLASSIFICATION
   —ARBITRARINESS—BURDEN OF PROOF.
   One who assails the classification in a state law on constitutional
   grounds must carry the burden of showing that it does not rest
   upon any reasonable basis, but is essentially arbitrary.

5. WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—EQUAL PROTEC-
   TION—INSURANCE CARRIERS—IMMUNITY—SAFETY INSPECTIONS—
   RATIONAL BASIS.
   A section of the Workmen's Compensation Act which immunizes

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 16 Am Jur 2d, Constitutional Law §§ 335, 485–493.
[5, 6, 8] 82 Am Jur 2d, Workmen's Compensation § 673 *et seq*.
[7] 20 Am Jur 2d, Courts § 64.

a workmen's compensation insurance carrier from liability arising out of safety inspections does not violate the equal protection clause because a rational basis exists for the classification, *viz.,* the Legislature granted immunity to the carriers in order to encourage safety inspections (MCLA 418.827[8]; MSA 17.237[827] [8]).

6. WORKMEN'S COMPENSATION—INSURANCE CARRIERS—IMMUNITY—PUBLIC POLICY.

A grant of immunity to workmen's compensation insurance carriers, from liability arising out of safety inspections, is not against public policy.

7. COURTS—COURT OF APPEALS—LEGISLATURE—PUBLIC POLICY.

The Court of Appeals will defer to the Legislature as more competent to determine public policy.

8. WORKMEN'S COMPENSATION—INSURANCE CARRIERS—IMMUNITY—CONSTITUTIONAL LAW—TITLE-OBJECT CLAUSE—STATUTES.

The Legislature's grant of immunity to workmen's compensation insurance carriers, from liability arising out of safety inspections, is within the expressed purpose of the Workmen's Compensation Act and therefore not in violation of the title-object clause of the state constitution (Const 1963, art IV, § 24, MCLA 418.827[8]; MSA 17.237[827] [8]).

Appeal from Wayne, Roland L. Olzark, J. Submitted March 11, 1976, at Detroit. (Docket No. 23076.) Decided April 5, 1976.

Complaint by Elizabeth Garrett, administratrix of the estate of Ira Garrett, deceased, against International Insurance Company for damages resulting from a death caused by an industrial accident. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Rifkin, Schultz & Kingsley,* for plaintiff.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and QUINN, JJ.

R. B. Burns, J. Plaintiff appeals from a summary judgment on behalf of defendant, the workmen's compensation carrier for plaintiff's decedent's employer. The death resulted from an industrial accident for which plaintiff alleges that defendant should be responsible because of negligent inspection of the employer's premises.

Defendant's motion for summary judgment was based upon MCLA 418.827(8); MSA 17.237(827)(8), a section added to the Workmen's Compensation Act by 1972 PA 285, reading as follows:

"The furnishing of, or failure to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance, or pursuant to a contract providing for safety inspections or safety advisory services between the employer and a self-insurance service organization or a union shall not subject the insurer, self-insurance organization or the accident fund, or their agents or employees, or the union, its members or the members of its safety committee, to third party liability for damages for injury, death or loss resulting therefrom."

Plaintiff brings a three-pronged constitutional attack on the statute; the questions raised are of first impression in this state.

Plaintiff first contends that the statute constitutes a violation of equal protection by discriminatorily prohibiting an action against compensation carriers while allowing actions against other third party tortfeasors. Apparently realizing that this legislative classification is not "inherently suspect" such that a "strict scrutiny" standard of judicial review would be applied, plaintiff urges that the statute fails to satisfy the "traditional" or "rational basis" test of equal protection. As stated in *People v Harper,* 1 Mich App 480, 483; 136 NW2d 768, 769 (1965), quoting from *Gauthier v Campbell,*

*Wyant & Cannon Foundry Co,* 360 Mich 510, 514; 104 NW2d 182, 184 (1960):

" ' "The standards of classification are:

" ' " '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' Citing cases." ' "

We think it clear that this statute does not constitute a denial of equal protection. A rational basis for the classification can be readily hypothesized: the Legislature granted immunity to the carriers in order to encourage safety inspections.

Plaintiff next contends that the grant of immunity to the compensation carrier is in direct violation of public policy. The Legislature has determined otherwise. We defer to the Legislature as more competent to determine the public policy.

Plaintiff last claims a violation of Const 1963, art IV, § 24, for failure of this amendatory section to fall within the expressed object of the larger act. The title of the Workmen's Compensation Act of 1969, MCLA 418.101, *et seq.;* MSA 17.237(101) *et seq.,* reads as follows: "An act to revise and consolidate the laws relating to workmen's compensa-

tion; and to repeal certain acts and parts of acts". The title of the previous Workmen's Compensation Act, MCLA 411.1 *et seq.;* MSA 17.141 *et seq.,* read in relevant part:

"An act to promote the welfare of the people of this state, relating to the liability of employers for injury or death sustained by their employees, providing compensation for disability or death resulting from occupational injuries or disease or accidental injury to or death of employees and methods for the payment, and apportionment of the same * * * ."

The title expressly refers to "the liability of employers". The 1969 act proceeds in "revising and consolidating" to limit an employee's remedies against his employer to the act, and to define "employer" to include "insurer". MCLA 418.131; MSA 17.237(131). We find that the Legislature's grant of immunity to a compensation carrier is clearly within the expressed purpose of the Workmen's Compensation Act.

We find the statute to be constitutional as against the challenges brought herein.

Affirmed. Costs to defendant.