SMITH v SENTRY INSURANCE, A MUTUAL COMPANY

1. NEGLIGENCE—WORKMEN'S COMPENSATION—INSURER—SAFETY IN-
   SPECTIONS—THIRD-PARTY LIABILITY—STATUTES.

   An action against a worker's disability compensation insurer
   alleging negligent inspection of the equipment which caused a
   plaintiff's injury, is barred where the insurer's inspection was
   prior to June of 1972 and the injury occurred in July of 1974,
   because a provision of the Worker's Disability Compensation
   Act, effective October 30, 1972, applies to causes of action
   arising thereafter and states that the furnishing of or a failure
   to furnish safety inspections shall not subject the insurer to
   third-party liability for damages for injury, death or loss result-
   ing therefrom (MCLA 418.827[8]; MSA 17.237[827][8]).

2. TORTS—CAUSES OF ACTION—ACCRUAL.

   A tort action accrues when all elements of the cause of action
   have occurred and can be alleged in a proper complaint.

Appeal from Shiawassee, Peter J. Marutiak, J.
Submitted June 21, 1977, at Lansing. (Docket No.
31089.) Decided July 7, 1977.

Complaint by Ralph C. Smith against Sentry
Insurance, a mutual company and worker's dis-
ability compensation insurer, for damages result-
ing from defendant's negligent inspection of the
equipment which caused plaintiff's· injury. Sum-
mary judgment for defendant. Plaintiff appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation §§ 34, 53, 65, 68.
   Right of employee to maintain common-law action for negligence
   against workmen's compensation insurance carrier. 93 ALR2d
   598.
[2] 1 Am Jur 2d, Actions § 88.

*Shanahan & Scheid,* for plaintiff.

*Freihofer, Oosterhouse, DeBoer, Barnhart & Cooper, P. C.* (by *Peter R. Tolley* and *Mark H. Verwys),* for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

D. F. WALSH, P. J. Plaintiff brought this action against defendant, a worker's disability compensation insurer, alleging negligent inspection of the equipment which caused plaintiff's injury. Defendant's motion for summary judgment was granted. Plaintiff appeals.

The inspection, according to plaintiff's complaint, was made prior to June of 1972. The injury occurred in July of 1974. Effective October 30, 1972, the following provision became a part of the Worker's Disability Compensation Act:

"(8) The furnishing of, or failure to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance, or pursuant to a contract providing for safety inspections or safety advisory services between the employer and a self-insurance service organization or a union shall not subject the insurer, self-insured service organization or the accident fund, or their agents or employees, or the union, its members or the members of its safety committee, to third party liability for damages for injury, death or loss resulting therefrom." MCLA 418.827(8); MSA 17.237(827)(8).

Plaintiff contends his cause of action is not barred because the inspection occurred prior to the effective date of the amendment. We hold to the contrary.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The amendment applies to any *cause of action* arising after October 30, 1972. See, *Watson v Employers Insurance Company of Wausau,* 50 Mich App 597, fn 1; 213 NW2d 765 (1973).[1] A tort action accrues when all elements of the cause of action have occurred and can be alleged in a proper complaint. *Campbell v Detroit,* 51 Mich App 34, 37–38; 214 NW2d 337 (1973).

The statute applies to this claim. The trial court is affirmed. Costs to appellee.

[1] Similarly, in claims for worker's disability compensation, the law to be applied is the law in force when the cause of action or the right to compensation accrues. *LaForest v Vincent Steel Processing, Division of Letts Industries,* 59 Mich App 386, 399; 229 NW2d 466 (1975).