STAFFNEY v FIREMAN'S FUND INSURANCE COMPANY

FESS v FIREMAN'S FUND INSURANCE COMPANY

STORM v FIREMAN'S FUND INSURANCE COMPANY

HORNEY v FIREMAN'S FUND INSURANCE COMPANY

KIME v FIREMAN'S FUND INSURANCE COMPANY

SCHUMANN v FIREMAN'S FUND INSURANCE COMPANY

SHAFFER v FIREMAN'S FUND INSURANCE COMPANY

NEUGENT v FIREMAN'S FUND INSURANCE COMPANY

HERNANDEZ v FIREMAN'S FUND INSURANCE COMPANY

Docket Nos. 78-1749–78-1766, 78-2698. Submitted May 7, 1979, at Lansing.—Decided August 20, 1979.

William T. Staffney, Larry A. Fess, Terry D. Shaffer, James E. Neugent, Sr., Joseph D. Hernandez and Russell I. Kime were injured and Jack R. Storn, Glenn R. Horney, and Clifford W. Schumann died as a result of an explosion at the Farm Bureau grain elevator located in Zilwaukee, Michigan. The explosion occurred when sparks from a cutting and welding operation ignited some of the grain dust in the plant. William T. and Williatte Staffney and others brought actions against Fireman's Fund Insurance Company, New Hampshire Indemnity Company, Inc., Michigan Millers Mutual Insurance Company and Association of Mill and Elevator Mutual Insurance Companies (The Mill Mutuals) alleging that all four defendants either had a duty to inspect the grain elevator for potential fire or explo-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 13.
[2] 57 Am Jur 2d, Negligence §§ 1, 67, 68.
[3, 4, 9] 57 Am Jur 2d, Negligence §§ 1, 67, 68, 120, 121.
[5] 4 Am Jur 2d, Appeal and Error § 104.
  5 Am Jur 2d, Appeal and Error § 853.
  73 Am Jur 2d, Summary Judgment § 40.
[6] 16 Am Jur 2d, Constitutional Law § 498.
[7] 73 Am Jur 2d, Statutes §§ 130-132.
[8] 5 Am Jur 2d, Appeal and Error § 873.
  16 Am Jur 2d, Constitutional Law § 115.

sion hazards and/or assumed that duty by voluntarily undertaking safety inspections; that defendants knew or should have known of the dangerous conditions in the elevator which led to the explosion and should have warned Farm Bureau and its employees of the hazards. Fireman's Fund moved for summary judgments on the grounds that the plaintiffs had failed to state causes of action because the suits were barred by an amendment to the Worker's Disability Compensation Act which grants immunity to compensation carriers for liability arising out of the execution of safety inspections. Michigan Millers and Mill Mutuals moved for summary judgments on the basis that the plaintiffs had not stated legal causes of action against them. Motions granted, Saginaw Circuit Court, Joseph R. McDonald, J. Plaintiffs appeal. Cases consolidated on appeal. *Held:*

1. Fire insurers are not immune from liability for alleged negligence in the performance of safety inspections. Plaintiffs' complaints maintain that defendants had a duty and/or voluntarily assumed a duty, when they undertook to inspect the grain elevator for fire and explosion hazards, to do so with reasonable care. A complaint properly alleges a legal cause of action where the Court of Appeals, taking factual allegations and reasonable inferences, is unable to conclude that a cause of action is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. Plaintiffs' complaints present such cases. The trial court erred in granting defendants' motions for summary judgments on the ground that the plaintiffs failed to state causes of action.

2. Defendants' contention that they possessed no legal obligation or duty to Farm Bureau employees, whose benefit was not within the scope and purpose of their undertaking as fire insurers of building and property, is without merit. Liability is not circumscribed by what was injured (*i.e.,* property or persons) but by how it was injured (whether the damage was caused by a hazard within the scope and purpose of the inspection). The trouble at the Farm Bureau elevator in Zilwaukee, Michigan, was arguably caused by a hazard within the scope and purpose of defendants' inspection.

3. Defendants' arguments that they were under no duty to warn of any hazardous conditions which they may have uncovered because Farm Bureau was aware of the dangerous conditions are more properly subjects of trial defense and need not be considered on appeal once the Court of Appeals has concluded that the plaintiffs have stated cognizable causes of action under the law.

4. Plaintiffs' allegation that the statutory prohibition of an

action against worker's compensation carriers who furnish or fail to furnish safety inspections, while allowing them against other tortfeasors, violates equal protection, is unpersuasive because there is a rational basis for the legislation—the encouragement of safety inspections resulting in a safer working environment, and consequently, the reduction of industrial accidents.

5. The constitution provides that no law shall embrace more than one object, which shall be expressed in its title. Plaintiffs claim that the 1972 amendments to the Worker's Disability Compensation Act which grant immunity from liability to workmen's compensation insurers for furnishing or failing to furnish safety inspections violates this constitutional mandate. Plaintiffs are in error. The purpose of the amendments is not to grant immunity but to encourage safety inspections which protect workers in the course of their employment. This is also the purpose of the parent act. The title of the amendatory legislation restates the title of the main act and states which sections are being amended. The title to an amendatory act is sufficient if the amendment would have been allowable under the title of the original law and if the amendment refers by section of the act amended and gives its title.

6. The 1972 amendments to the compensation act grant immunity to compensation carriers in the performance of safety inspections. Defendants Michigan Miller and Mill Mutuals are excluded from immunity by the terms of the statute.

Reversed and remanded in part; affirmed in part.

1. JUDGMENT — SUMMARY JUDGMENTS — FAILURE TO STATE CLAIM — PLEADINGS — COURT RULES.

A motion for summary judgment based upon failure to state a claim upon which relief can be granted is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged; the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. NEGLIGENCE — GRATUITOUS UNDERTAKINGS — THIRD PERSONS — DUE CARE — RELIANCE.

A person who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things is subject

to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (1) his failure to exercise reasonable care increases the risk of harm, (2) he has undertaken to perform a duty owed by the other to the third person, or (3) the harm is suffered because of reliance of the other or third person upon the undertaking.

3. INSURANCE — FIRE INSURANCE — NEGLIGENCE — SAFETY INSPECTIONS — LIABILITY.

Fire insurers are not immune from liability for negligence in the performance of safety inspections.

4. INSURANCE — FIRE INSURANCE — INSPECTIONS — DUE CARE — HAZARDS — DAMAGE.

A fire insurer who undertakes to inspect a grain elevator for fire and explosion hazards must do so with reasonable care and may be liable for damages to persons or property where damage was caused by a hazard within the scope and purpose of the inspection.

5. APPEAL AND ERROR — SUMMARY JUDGMENT — IRRELEVANT ALLEGATIONS.

The legitimacy or veracity of allegations which are more properly the subjects of trial defense become irrelevant once it has been concluded that a trial court's grant of summary judgment should be reversed because a plaintiff has stated a cognizable cause of action under the law.

6. CONSTITUTIONAL LAW — STATUTES — EQUAL PROTECTION — WORKMEN'S COMPENSATION — RATIONAL BASIS — SAFETY INSPECTIONS.

A statute which grants immunity from third-party liability for furnishing or failing to furnish safety inspections to workmen's compensation carriers but not to other tortfeasors does not violate equal protection of the laws where a rational basis, the encouragement of safety inspections resulting in a safer working environment and the reduction of industrial accidents, existed for the legislation; such legislative enactments challenged on constitutional grounds that they deny equal protection of the laws are to be examined by the rational basis approach under which the constitutionality of a statutory classification is to be upheld where any state of facts can reasonably sustain it.

7. STATUTES — AMENDMENTS — TITLE OF ACT — TITLE OF AMENDMENT — CONSTITUTIONAL LAW.

The title to an amendatory act is sufficient if the amendment would have been allowable under the title of the original law and if the amendment refers by section to the act amended and gives its title.

8. APPEAL AND ERROR — CONSTITUTIONAL QUESTIONS — DISPOSITION.

The Court of Appeals need not consider a constitutional question which is not essential to the disposition of the case on appeal.

9. WORKMEN'S COMPENSATION — SAFETY INSPECTIONS — IMMUNITY FROM LIABILITY — PROPERTY INSURERS — THIRD-PARTY ACTIONS — NEGLIGENCE.

Worker's compensation carriers are immune from third-party liability resulting from safety inspections by the terms of a statute; property insurers, who carry on safety inspections, were not excluded from liability by the Legislature and are not protected from third-party liability in actions stemming from their allegedly negligent safety inspections.

*Cincinelli, Mossner, Majoros & Alexander, P.C.,* for plaintiffs.

*Joselyn, Rowe, Jamieson & Grinnan, P.C.,* for Fireman's Fund Insurance Company.

*Chaklos, Jungerheld & Della Santina, P.C.,* for New Hampshire Indemnity Company, Inc.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and G. W. CROCKETT, JR.,* JJ.

D. C. RILEY, P.J. On January 19, 1977, plaintiffs William and Williatte Staffney filed a complaint[1] alleging that William had been injured on January 22, 1976, due to an explosion at the Farm

---

* Former Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The other named plaintiffs have filed separate but similar causes of action, and all cases were subsequently consolidated for purposes of this appeal.

Bureau Services (hereinafter Farm Bureau) grain elevator exchange located in Zilwaukee, Michigan. The explosion resulted when sparks from cutting and welding operations ignited some of the accumulated grain dust in the plant.

The complaint alleged that defendant Fireman's Fund was the worker's compensation carrier for Farm Bureau as was defendant New Hampshire and that defendant Michigan Millers was responsible for the fire insurance on the grain elevator and defendant Mill Mutuals was the reinsurer of the fire insurance contract between Michigan Millers and Farm Bureau. Plaintiffs further alleged that all four defendants either had a duty to inspect the grain elevator for potential fire or explosion hazards and/or assumed that duty by voluntarily undertaking said safety inspections and that defendants either knew or should have known of the dangerous conditions in the elevator which led to the explosion, but failed to adequately warn both Farm Bureau and its employees of the hazards.

Fireman's Fund moved for summary judgment pursuant to GCR 1963, 117.2(1), on the grounds that plaintiffs had failed to state a cause of action because the suit was barred by recent amendments to the Worker's Disability Compensation Act which grant immunity to compensation carriers for liability arising out of the execution of safety inspections. Michigan Millers and Mill Mutuals similarly moved for summary judgment under the same court rule on the basis that plaintiffs had not stated a legal cause of action against them. Fireman's Fund's motion was granted,[2] and pursuant to several amendments by plaintiffs to their complaint, the court also granted summary judgment in favor of Michigan Millers and Mill Mutuals.

[2] New Hampshire, Fireman's Funds' successor, was also granted summary judgment.

Plaintiffs appeal by right, and first assail the lower court's allowance of summary judgment in favor of defendant fire insurers. We review a grant of summary judgment due to the failure to state a claim upon which relief can be granted, GCR 1963, 117.2(1), against the criteria reiterated in *Sullivan v The Thomas Organization, PC,* 88 Mich App 77, 82; 276 NW2d 522 (1979):

" 'The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den,* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Borman's Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* * * * [42 Mich App 426; 202 NW2d 577 (1972)].' *Partrich v Muscat,* * * * [84 Mich App 724,] at 729-730; 270 NW2d [506] at 509. [(1978)]."

Plaintiffs' cause of action is premised upon 2 Restatement Torts, 2d, § 324A, p 142, which states that:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Plaintiffs' suit emcompasses all three subparagraphs of the rule. As previously stated, their complaint, as amended, maintains that defendants had a duty and/or voluntarily assumed a duty, when they undertook to inspect the grain elevator for fire and explosion hazards, to do so with reasonable care. The inspections by Michigan Millers were set forth in great detail, as was the fact that Mill Mutuals received copies of all the inspection reports and further made inspections of its own.

The complaint alleges that before the date of the explosion, defendants knew, or in the exercise of reasonable care should have known, of the extremely dusty conditions within the grain elevator, knew that the dust collection and/or removal system was inadequate, and that this presented an extremely hazardous and dangerous potential for explosion and fire and that, pursuant thereto, defendants were under a duty to warn Farm Bureau and its employees of the dangerous conditions, and recommend safety procedures so that adequate steps could be taken to eliminate those risks. The complaint further alleges that having voluntarily undertaken to give warnings to the employees by means of placards, signs, reports, posters and verbal commands, the defendants, in fact, failed to adequately and fully warn the employees of the extreme hazards existing at the plant.

Paragraph 26 of plaintiffs' amended complaint closely parallels the prerequisites to liability as set forth in the Restatement, *supra.* It alleges that by their voluntary undertaking, defendants increased the risk of injury by instituting and/or requiring a program of specific written permits for cutting and

welding within the confines of the grain elevator, when they knew, or should have known, that cutting and welding procedures should have been prohibited under any circumstances, and where the maintenance procedures could have been accomplished by alternative means—thereby, as a result, markedly increasing the risk of ignition of combustible organic dust; that by continuing to stress other aspects of good housekeeping when they knew of the dangers of cutting and welding operations and the lack of ventilation and/or dust collection systems, defendants aggravated the existing danger. The complaint alleges that defendants assisted and assumed Farm Bureau's duty to provide a safe place of work by instituting several safety programs including signs, slogans and safety demonstrations. Finally, the complaint states that the ensuing injuries resulted from the reliance placed by plaintiffs and Farm Bureau Services on defendants' undertakings, especially since Farm Bureau had no safety department or staff and relied on the aforesaid safety inspections.

Taking the factual allegations, along with any reasonable inferences, as true, *Gartside v YMCA,* 87 Mich App 335, 337-338; 274 NW2d 58 (1978), we are unable to conclude that plaintiffs' cause of action is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. We hold that the complaint properly alleges a legal cause of action under the above-quoted provisions of the Restatement.

The trial court's decision that defendants owed no duty as a matter of law was rendered before this Court released its opinion in *Sabraw v Michigan Millers Mutual Ins Co,* 87 Mich App 568; 274 NW2d 838 (1978), which like the case at bar, was predicated on 2 Restatement Torts, 2d, § 324A.

*Sabraw* arose from a 1969 explosion at the Zilwaukee feed mill. Verdicts returned in favor of plaintiffs and against Michigan Millers were set aside when the trial court entered a judgment notwithstanding the verdict. In overturning the lower court decision that insufficient evidence was presented from which to raise a question of fact for jury determination, this Court held that fire insurers were not immune from liability under the Restatement for alleged negligence in the performance of safety inspections.

Defendants, in an attempt to escape liability, proffer a bifurcated analytical framework. First, they maintain that, as fire insurers, their liability is circumscribed by contract so as to include protection against only building and property damage —not personal injury, and that the inspection of the grain elevator was limited solely to the protection of their investment. Defendants' contention that they possessed no legal obligation or duty to Farm Bureau employees, whose benefit was not within the scope and purpose of the undertaking, or within the orbit of risk, was, we believe, properly rebutted by the *Sabraw* Court where it was stated:

"The instant defendant thus is correct in asserting that the scope of its inspection was limited, but it focuses on the wrong parameter. Liability is not circumscribed by *what* was injured *(i.e.,* property or persons) but by *how* it was injured (whether the damage was caused by a hazard within the scope and purpose of the inspection)." (Emphasis in original.) 87 Mich App at 573, fn 3.

Here the damage was arguably caused by a hazard "within the scope and purpose of the inspection".

As such, defendants' contention in this regard is without merit.

Defendants further argue, however, that they were under no duty to warn of any hazardous conditions they may have uncovered due to evidence indicating that Farm Bureau was aware of the dangerous conditions. The legitimacy or veracity of these allegations were more properly subjects of trial defense. As previously stated, under summary judgment pursuant to GCR 1963, 117.2(1), we consider only whether, taking their factual averments as true, plaintiffs have stated a cognizable cause of action under the law. Having so concluded, defendants' advocation, in the procedural boundaries of the present case, is irrelevant.

With regard to Fireman's Fund and New Hampshire, defendants' worker's compensation carriers, plaintiffs offer a tripartite constitutional attack against certain of the 1972 amendments to the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*

As part of the act's 1972 modifications, the definition of "employer" was changed to read as follows:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract." MCL 418.131; MSA 17.237(131).

In addition, a new section to the statute was added providing that:

"The furnishing of, or failure to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance, or pursuant to a contract providing for safety inspections or safety advisory services between the employer and a self-insurance service organization or a union shall not subject the insurer, self-insured service organization or the accident fund, or their agents or employees, or the union, its members or the members of its safety committee, to third party liability for damages for injury, death or loss resulting therefrom." MCL 418.827(8); MSA 17.237(827)(8).

Plaintiffs allege that the prohibition of an action against worker's compensation carriers, while allowing them against other tortfeasors, violates equal protection. Such an argument has been rebuffed by this Court on two occasions. *Shwary v Cranetrol Corp,* 88 Mich App 264, 267-269; 276 NW2d 882 (1979), *Garrett v International Ins Co,* 68 Mich App 418, 420-421; 242 NW2d 798 (1976). Contrary to plaintiffs' contention that the determinative equal protection reviewing standard is the "substantial-relation-to-the-object" test set forth in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 669-670; 232 NW2d 636 (1975), these decisions held that the legislative enactments at issue were to be examined by the traditional "rational basis" approach, under which the classification is upheld where any state of facts can reasonably sustain it. *Shwary, supra* at 268, *Garrett, supra,* at 420-421. Both Courts agreed that, because a rational basis existed for the legislation—the encouragement of safety inspections resulting in a safer working environment, and consequently, the reduction of industrial accidents—the 1972 immunity provi-

sions did not deny equal protection of the laws. *Shwary, supra,* at 268-269, *Garrett, supra,* at 421.

Plaintiffs next allege that the 1972 amendments contravene Const 1963, art 4, § 24 which provides in pertinent part that:

"No law shall embrace more than one object, which shall be expressed in its title."

Specifically, they argue that the title to the amendments does not state that compensation carriers are granted immunity for inspections and that the law itself is at odds with the overall objective of the Worker's Disability Compensation Act. Plaintiffs point out that the overall objective is protection from injuries in the course of employment, but that the object of the amendments is immunity for certain tortfeasors.

The title to 1972 PA 285 states as follows:

"An act to amend sections 131 and 827 of Act No. 317 of the Public Acts of 1969, entitled 'an act to revise and consolidate the laws relating to workmen's compensation; and to repeal certain acts and parts of acts,' being sections 418.131 and 418.827 of the Compiled Laws of 1948."

The primary objective of the act, as plaintiffs recognize, is to protect workers in the course of their employment. *Garrett, supra,* at 421-422. Plaintiffs' argument that the purpose of the amendment is to provide immunity to tortfeasors is incorrect, as this Court has recognized that the purposes of those amendments are to encourage safety inspections. *Shwary, supra,* at 269, *Garrett, supra,* at 421. Accordingly, the amendments have the same purpose as the parent act. Our Supreme Court has held that the title to an amendatory act

is sufficient if the amendment would have been allowable under the title of the original law and if the amendment refers by section to the act amended, and gives its title. *Fort-Street Union Depot Co v Comm'r of Railroads,* 118 Mich 340, 345; 76 NW 631 (1898). See also, *Benson v State Hospital Comm,* 316 Mich 66, 76-77; 25 NW2d 112 (1946), *Westgate v Twp of Adrian,* 161 Mich 333, 335; 126 NW 422 (1910). Since the purpose of the 1972 amendments, promoting the safety of workers, coincides with the overall purpose of the Worker's Disability Compensation Act, and as the amendments' title both restates the title of the parent act and states which sections are being amended, we find no violation of the object-title clause of the Michigan Constitution. See *Garrett, supra,* at 421-422.

Plaintiffs' final constitutional challenge is that the definition of "employer" in MCL 418.131; MSA 17.237(131) to include worker's compensation insurance carriers is unduly broad, and thus should have been included in the amendatory title as well as the body of the statute. We need not consider this question, inasmuch as MCL 418.827(8); MSA 17.237(827)(8) grants immunity to compensation carriers in the performance of safety inspections absent any reference to that term. See *People v Vanderford,* 77 Mich App 370, 373; 258 NW2d 502 (1977), *Stanek v Secretary of State,* 33 Mich App 527, 530; 190 NW2d 288 (1971).

Lastly, we reject the defendants Michigan Millers' and Mill Mutuals' claim that the 1972 amendments were intended to provide immunity to property insurers who carry on safety inspections, as well as worker's compensation carriers. By the terms of the statute they are excluded from the immunity umbrella. Had the Legislature desired

to grant property insurers immunity, it would have been a simple matter to do so.

Reversed and remanded in part; affirmed in part.

Costs of appeal to plaintiffs against defendants Michigan Millers and Mill Mutuals. Costs of appeal to defendants Fireman's Fund and New Hampshire. See GCR 1963, 822.