DREWES v GRAND VALLEY STATE COLLEGES

Docket No. 46667. Submitted October 7, 1980, at Grand Rapids.—
Decided June 3, 1981.

 Plaintiff, William N. Drewes, was employed as a musician with
the Woody Herman Orchestra of New York. Defendant, Grand
Valley State Colleges, engaged the services of the orchestra as
part of a music workshop. While the orchestra was performing
at the workshop, plaintiff fell off the elevated stage and was
injured. Plaintiff petitioned for workers' compensation benefits,
alleging that the Woody Herman Orchestra was uninsured for
workers' compensation in Michigan. Plaintiff then filed suit
against defendant in the Court of Claims. The Bureau of
Workmen's Compensation awarded plaintiff benefits from de-
fendant, determining that a principal-contractor relationship
existed between Grand Valley State Colleges and the Woody
Herman Orchestra. Defendant moved for accelerated judgment,
alleging that it was entitled to the immunity afforded by the
exclusive remedy provision of the Worker's Disability Compen-
sation Act. The motion was denied, Ray C. Hotchkiss, J. Defen-
dant appeals by leave granted. *Held:*

 1. The Worker's Disability Compensation Act provides that, if
compensation is claimed from a principal, then, in the applica-
tion of the act, reference to the principal shall be substituted
for reference to the employer. It further provides that the
"right to the recovery of benefits as provided in this act shall
be the employee's exclusive remedy against the employer". By
the terms of the act, workers' compensation is plaintiff's exclu-
sive remedy.

 2. The act does not violate plaintiff's right to equal protection
in discrimination between employees of insured contractors,
who may still maintain a cause of action against a third party

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 411.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 50, 51.
[3] 16A Am Jur 2d, Constitutional Law § 735 *et seq.*
 81 Am Jur 2d, Workmen's Compensation § 17. ·
[4] 81 Am Jur 2d, Workmen's Compensation § 2.
[5] 81 Am Jur 2d, Workmen's Compensation §§ 16, 23.

who would qualify as a principal under the act, and employees of uninsured subcontractors, who may not. Nor does it deprive plaintiff of property without due process.

*Reversed and remanded with instructions.*

1. WORKERS' COMPENSATION — EMPLOYERS — PRINCIPALS — STATUTES.

   The Worker's Disability Compensation Act provides that, if compensation is claimed from a principal, then, for purposes of the act, reference to the principal shall be substituted for reference to the employer (MCL 418.171[1]; MSA 17.237[171][1]).

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — PRINCIPALS — STATUTES — DUE PROCESS — EQUAL PROTECTION.

   The exclusive remedy provision of the Worker's Disability Compensation Act applies to the situation where an employer subject to the act becomes liable as a principal as a result of having contracted with an uninsured employer whose employee is subsequently injured; such a result does not violate the injured employee's constitutional right to due process or equal protection of the law (MCL 418.131, 418.171[1]; MSA 17.237[131], 17.237[171][1]).

3. CONSTITUTIONAL LAW — EQUAL PROTECTION — STATUTES.

   A party attacking a classification in economic and social welfare legislation on equal protection grounds has a heavy burden of demonstrating that the classification lacks a reasonable basis; if a reasonable relationship exists between the classification and a legitimate state interest, no denial of equal protection exists (US Const, Am XIV; Const 1963, art 1, § 2).

4. WORKERS' COMPENSATION — LEGISLATIVE PURPOSE.

   The primary goal of the Worker's Disability Compensation Act is the delivery of sustaining benefits to a disabled employee as soon as possible after an injury occurs, regardless of any traditional tort concepts of liability, so that the worker and his dependents may survive the temporary cessation of necessary *income.*

5. CONSTITUTIONAL LAW — DUE PROCESS.

   The test of whether legislative restriction on a common-law cause of action deprives a plaintiff of due process is whether the legislation is reasonably related to a permissible legislative objective.

*Baxter & Hammond* (by *Kenneth R. Oosterhouse* and *Robert N. Alt, Jr.),* for plaintiff.

*Dilley, Dewey & Waddell, P.C.* (by *Jonathan S. Damon),* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and D. F. WALSH, JJ.

R. M. MAHER, P.J. Defendant appeals by leave granted the order of the trial court denying defendant's motion for accelerated judgment. Pursuant to GCR 1963, 806.3(1)(a)(ii) the trial court certified that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation".

The facts are not in dispute. Plaintiff was employed as a musician with the Woody Herman Orchestra of New York. Defendant, Grand Valley State Colleges, engaged the services of the orchestra as part of a music workshop held at the defendant's campus in Allendale, Michigan, on May 13, 1977. While the orchestra was performing on that date pursuant to its contract with the defendant, plaintiff walked to the rear of an elevated stage at the colleges' Louis Armstrong Theater and fell off, apparently tumbling down to a set of concrete steps leading to an unused orchestra pit. As a result of the fall plaintiff sustained various injuries, including serious head injuries.

Plaintiff petitioned for workers' compensation benefits listing Woody Herman as his employer and defendant as his "statutory employer". The petition also recited that the Woody Herman Orchestra was uninsured for workers' compensation in Michigan. On September 1, 1977, before a decision was rendered on the petition, plaintiff filed suit against defendant in Federal District Court seeking damages resulting from the fall. Plaintiff

filed the instant action in the Court of Claims on February 2, 1979, also seeking damages from the defendant because of the fall. On April 11, 1979, the Federal District Court case was dismissed by stipulation of the parties.

The Bureau of Workmen's Compensation mailed its decision on May 8, 1979. The administrative law judge found that the Woody Herman Orchestra was uninsured and that a principal-contractor relationship existed between Grand Valley State Colleges and the orchestra. Accordingly, plaintiff was awarded benefits against defendant. Defendant appealed this ruling contesting its liability for workers' compensation benefits,[1] but the present record does not reflect the present status of that appeal.

A hearing was held on defendant's motion for accelerated judgment on June 27, 1979, at which time defendant argued that it was entitled to the immunity afforded by the exclusive remedy provision of the Worker's Disability Compensation Act (the act) since it had already been found liable for and was paying workers' compensation benefits to plaintiff. The motion was denied[2] and this interlocutory appeal followed.

[1] Defendant's liability was premised on § 171(1) of the Worker's Disability Compensation Act. MCL 418.171(1); MSA 17.237(171)(1). Defendant apparently contests its liability on the basis of § 161(1)(a) of the act, MCL 418.161(1)(a); MSA 17.237(161)(1)(a), which provides in part:

"A person employed by a contractor who has contracted with a county, city, township, village, school district or the state, through its representatives, shall not be considered an employee of the state, county, city, township, village or school district which made the contract, when the contractor is subject to this act."

[2] The trial court's reasons for denying the motion reflect a concern over the guidance provided by the appellate bench more than they reflect a resolution of the difficult policy and constitutional issues raised in this case:

"*The Court:* Every time I become involved in a case where Workmen's Compensation is involved, the red flag goes up. I certainly would like to echo the statements caustically made by our Chief Justice COLEMAN in relation to the state of Workers' Compensation in

The issue on appeal is whether defendant may claim the immunity from suit granted by the exclusive remedy provision of the act. Accordingly, a short recitation of the statutory framework is in order. Under § 171(1) of the act, MCL 418.171(1); MSA 17.237(171)(1), whenever an employer who is subject to the act (referred to as the "principal") contracts with another who is either not subject to the act or who is otherwise uninsured for purposes of workers' compensation (referred to as the "contractor"), the principal becomes liable for the workers' compensation benefits due to the employees of the contractor. Section 171(1) further provides that "if compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer * * *".[3] The exclusive remedy provision is found in § 131 of the act, MCL 418.131; MSA 17.237(131). This section provides in part that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer". An injured worker may

the State of Michigan today. I am not sure every panel of the Court of Appeals agrees with every other panel of the Court of Appeals on this particular issue. They have just very recently indicated that Workers' Compensation is not exclusive in certain other areas in reversing Judge Kallman of this circuit.

"To be very candid with you gentlemen, whichever I view this, until we have a substantial change in litigation, or my brethren on the appellate courts decide to commence to review Chief Justice COLE-MAN's remarks, I am just going to allow all these matters to go up to the Court of Appeals on as broad a base as possible. And when the Court of Appeals begins to commence to reflect some change in feeling in relation to Workers' Compensation in Michigan, then I as a trial judge will follow what I feel is the reasonable law in Michigan.

"To that end motion for accelerated judgment is denied. And I would encourage counsel to take it to the Court of Appeals prior to trying it here. That's just my reasonable feeling as a trial judge."

[3] Section 171(1) also provides that despite this substitution of the principal for the employer the amount of the injured worker's benefits are calculated on the basis of the pay received from the actual employer—the "contractor".

still bring suit, however, to enforce the liability of any third party other than a fellow employee. MCL 418.827(1); MSA 17.237(827)(1). Any amount recovered in such a suit must first be applied to reimburse the party paying the workers' compensation benefits. MCL 418.827(5); MSA 17.237(827)(5). If a principal is held liable for benefits under § 171(1), it is entitled to be indemnified by the contractor under § 171(2), MCL 418.171(2); MSA 17.237(171)(2).

Defendant's argument on appeal begins with the fact that it has been held liable for benefits as a matter of law under § 171(1) as the "principal". It then notes that § 171(1) requires that when benefits are paid by a principal references to the principal are substituted for references to the employer in other sections of the act. It then concludes that it is entitled to the immunity provided by § 131 by substituting the word "principal" for the word "employer" in that section.

Plaintiff mounts a two-pronged response to this argument. He first claims, on the basis of policy, that the Legislature could not have intended the result for which defendant contends. He next gives these policy arguments a constitutional dimension, and contends that if the act is construed as defendant claims it should be he will be deprived of due process and equal protection of the laws. At the heart of both of plaintiff's arguments is the claimed unfairness of a situation which would have allowed the injured worker of an insured contractor to receive compensation benefits *and* to maintain a suit against the principal,[4] while injured workers employed by uninsured contractors

---

[4] See *Funk v General Motors Corp*, 392 Mich 91, 111-112; 220 NW2d 641 (1974), *Schulte v American Box Board Co*, 358 Mich 21; 99 NW2d 367 (1959).

must be satisfied with compensation benefits alone. Plaintiff points out that a principal such as the defendant in the instant case can seek indemnification from the contractor for benefits paid under § 171(2), so that, in the end, a principal might give up nothing in exchange for the immunity which defendant claims. Plaintiff also notes that any tort recovery he might realize from the defendant would first go to reimburse defendant for the compensation benefits paid to him under § 827(5) so that there is no danger of defendant having to pay twice.[5]

Concerning plaintiff's first argument, there are circumstances in which a person's employer may be subject to suit regardless of the fact that the employer is also liable to pay workers' compensation benefits. These circumstances arise when the employer and the employee share a relationship

[5] Plaintiff's arguments make much of a claimed "duty" on the part of defendant to make sure that its contractors are insured. He then claims that defendant can better its position by violating this duty, based on the assumption that an entity in the position of the defendant would rather be subject to the limited, if absolute liability for compensation benefits rather than the more tentative, but potentially much greater liability resulting from a tort action. We first note that plaintiff has cited no statutory support for the duty which he claims exists. Nor does his citation to *Woody v American Tank Co*, 49 Mich App 217, 230; 211 NW2d 666 (1973), lv den 391 Mich 766 (1974), support his position. The point being made in *Woody* was that a principal who does not make sure its contractors are insured does so at the risk of being itself held liable. Defendant has not objected to this notion, but argues that if it is to be held liable it cannot be also sued in tort. As to the relative benefits and detriments of workers' compensation liability as opposed to tort liability, we note only that defendant does not agree with the plaintiff's assessment of the situation, and is in this regard supported by the analysis of Professor Larson as found in 2A Larson, Workmen's Compensation (1980 Cum Supp), § 72.31, p 137. Suffice it to say that we do not need to resolve the question of which situation the principal would prefer, and that, in any event, the present record is insufficient to make an informed decision on the point.

It should be pointed out that Professor Larson advocates granting immunity to the principal even when the contractor is insured. *Id.* The statutory scheme in Michigan does not support such a result at present, even assuming that Professor Larson's policy arguments do.

other than the employer-employee relationship. In an appropriate case the employer may be subject to a suit brought by the employee if that suit is based on the alternative relationship:

"An employee may have ties with an employer other than the employer-employee relationship. They may be landlord and tenant; trustee and beneficiary; vendor and vendee and so on. We look to the laws governing the particular relationship involved to determine rights and obligations of the parties. The fact that the parties are also employer-employee does not automatically trigger the operation of the exclusive remedy provision of the WDCA [Worker's Disability Compensation Act]. The exclusive remedy provision applies only to employers where conditions of liability under the WDCA pertain.

"The injured person in *Mathis* is seeking no-fault benefits from an insurer who happens to be his employer. Any liability to pay no-fault benefits is based on the status of being an insurer under the no-fault act. The employer-employee relationship does not determine the status of insurer, but simply fixes priority among those who do have that status. No conditions of liability under the WDCA exist affecting the employer as a self-insurer under the no-fault act. Accordingly we find no reason to apply the exclusive remedy provisions of the WDCA to bar the employee's cause of action." *Mathis v Interstate Motor Freight System,* 408 Mich 164, 184; 289 NW2d 708 (1980).

See *Peoples v Chrysler Corp,* 98 Mich App 277; 296 NW2d 237 (1980), *Robards v Estate of Leopold J Kantzler,* 98 Mich App 414; 296 NW2d 265 (1980). See also *Choate v Landis Tool Co,* 486 F Supp 774 (ED Mich, 1980). This concept is not, however, well suited to cases such as that now before us. Almost by definition, suits such as that between the plaintiff and the defendant in the instant case will be based on something other than the employer-employee relationship since the defendant stands in

the place of the employer only by operation of law. Application of the dual capacity doctrine would tend to defeat the intent of the Legislature in cases such as this.[6]

We believe that the Legislature's intention has been clearly stated. The attractiveness of plaintiff's policy arguments notwithstanding, the language which the Legislature employed in the act serves to afford the defendant the immunity of § 131. The Legislature has clearly stated that, when a principal becomes liable for the payment of workers' compensation benefits, references to the principal are to be substituted for references to the employer in other sections of the act. There is no indication that the Legislature intended this to be true everywhere but in the exclusive remedy provision. While the logic of this situation may be questioned after examination of the entire statutory scheme, we are not allowed to substitute our ideas for the Legislature's. Accordingly, plaintiff's arguments concerning the construction of the act are more appropriately addressed to that forum.[7]

This holding does not end matters as plaintiff has also argued that if the act is construed to grant immunity to the defendant it violates his right to the equal protection of law guaranteed by

[6] In any event suits such as that in the instant case which essentially seek to impose liability for an unsafe work place have been considered as invoking the employer-employee relationship more so than any other relationship that exists between the parties. *Peoples v Chrysler Corp, supra,* 283.

[7] The following comments concerning the statutory scheme in question are pertinent:

"Although it seems paradoxical, while a general contractor carries the risk of personal injury judgments in common law actions by hiring subcontractors who are covered by the Workmen's Compensation Act, he is only held to the limited employer's liabilities under the Act if he lets his work to subcontractors who do not comply with, or who are not covered by, the Act. However, I am not permitted to challenge the wisdom of the Michigan Legislature." *Miller v J A Utley Construction Co,* 154 F Supp 138, 140 (ED Mich, 1957).

the Michigan and United States Constitutions.[8] Const 1963, art 1, § 2; US Const, Am XIV. In general, when confronted with an equal protection challenge to economic or social welfare legislation, the party attacking the statute has the heavy burden of showing that the classification lacks a reasonable basis. "If a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection results." *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978). See *In re Kronke Estate,* 98 Mich App 249, 255; 296 NW2d 226 (1980). The statute is cloaked with a presumption of validity which is not overcome simply because the classifications employed are not exactly drawn. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 667; 232 NW2d 636 (1975).[9]

In the instant case plaintiff asserts that the act unreasonably discriminates between employees of insured contractors, who may still maintain a cause of action against a third party who would qualify as a principal under § 171(1), and employees of uninsured subcontractors, who may not. In *Laffoon v Bell & Zoller Coal Co,* 65 Ill 2d 437; 3 Ill

[8] Contrary to defendant's assertions on appeal, plaintiff did raise this equal protection argument in the trial court in his brief in response to defendant's motion for accelerated judgment.

[9] In *Manistee Bank & Trust v McGowan,* Justice LEVIN posited a somewhat stricter test focusing on whether the classification employed bears a fair and substantial relation to the object of the legislation. *Manistee Bank & Trust, supra,* 668-671. This test was to be used "at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental". *Id.,* 671. We do not believe that this test should be applied in the instant case. The Legislature has not specifically carved out a discrete exception applicable to employees of uninsured contractors in the same way that it did for guest passengers, *Manistee Bank & Trust, supra,* or workers' compensation insurers, *Shwary v Cranetrol Corp,* 88 Mich App 264; 276 NW2d 882 (1979), *lv den* 406 Mich 979 (1979). The classification of which plaintiff complains in the instant case is not affirmatively drawn, but results from the overall statutory scheme.

Dec 715; 359 NE2d 125 (1976), the Supreme Court of Illinois was faced with a similar issue based on a substantially similar workers' compensation statute. Although the Illinois statute apparently differed from the present Michigan act in that reference to the principal was not statutorily substituted for reference to the employer as it is in § 171(1) of our act, the Court held that, if the statutes were construed to provide the principal with the liability normally granted the employer, an equal protection violation would exist. As both the dissent in *Laffoon* and Professor Larson[10] point out, however, the classification of injured workers as employees of insured and uninsured contractors is not entirely equal and the two groups may not be so easily compared. The crucial distinction is that, under both the Illinois and Michigan acts, the principal must pay workers' compensation benefits to the injured employee of the uninsured contractor, while the same is not true in a case where the contractor is insured for workers' compensation purposes. While it might be argued that this burden means little since the principal can seek indemnification from the uninsured contractor under § 171(2), or can set off workers' compensation payments against an eventual tort recovery under § 827(5), the fact remains that the principal is burdened with the actual and administrative costs of making the payments in the first place. In addition, while the principal may seek to be indemnified by the contractor for any compensation benefits paid, the principal is still burdened with the costs of litigation in seeking such a recovery and may, for any number of procedural reasons, be ultimately unsuccessful in the attempt.

---

[10] 2A Larson, Workmen's Compensation (1980 Cum Supp), § 72.31, pp 137-138.

The primary purpose of the act is "the delivery of sustaining benefits to a disabled employee as soon as possible after an injury occurs, regardless of any traditional tort concepts of liability". *Mc-Avoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). This is clearly a legitimate state interest, and it is well served by holding the principal liable for workers' compensation payments where the contractor is uninsured. In return for imposing such liability without fault, the Legislature has included such principals in the category of employers, thereby granting the principal immunity from liability under traditional tort concepts. Accordingly, we hold that the legislative distinctions between employees of insured and uninsured contractors, when viewed in the context of the entire statutory scheme, are reasonably related to the fundamental purpose of the act. We thus find that plaintiff has not met his burden of showing that an equal protection violation results. We find that this is so even though the principal might seek indemnification from the contractor or might set off the benefits paid against an eventual tort judgment. While the provisions of the act which provide such remedies to the principal might, in the end, compensate the principal for the amount of benefits paid, they do not compensate for the administrative and other costs associated with payment of such benefits in the first place. The Legislature may well have intended that the principal be granted immunity from suit in exchange for the costs and difficulties imposed, and we do not believe that this is unreasonable in the constitutional sense. We note that an ordinary employer might also, under § 827(5), recover the workers' compensation benefits paid to the worker from any judgment the worker obtains against a

third party, and yet this fact does not serve to remove the ordinary employer's immunity from suit.

Plaintiff also argues that, if the act is construed so as to provide defendant with the immunity of § 131, the act unconstitutionally deprives him of property without due process of law. Const 1963, art 1, § 17; US Const, Am XIV. Unlike his equal protection claim, however, plaintiff did not present this substantive due process argument to the trial court. Ordinarily, constitutional challenges may not be raised for the first time on appeal. *Universal Life Church, Inc v Comm'r of Lottery,* 96 Mich App 385, 389; 292 NW2d 169 (1980), *lv den* 409 Mich 936 (1980), *Falk v Civil Service Comm of Macomb County,* 57 Mich App 134; 225 NW2d 713 (1974), *lv den* 394 Mich 819 (1975). We are, however, cognizant of the fact that this rule is not always applied and that exceptions do exist. Accordingly, we note that plaintiff has failed to demonstrate that the act has deprived him of due process. The test of whether legislative restriction on a common-law cause of action deprives a plaintiff of due process is whether the legislation is reasonably related to a permissible legislative objective. *Shavers v Attorney General,* 402 Mich 554, 612 and fn 36; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). For essentially the same reasons mentioned above in response to plaintiff's equal protection claims, we believe that the deprivation of which plaintiff complains is reasonably related to the legislative goal of providing prompt and sure compensation to injured workers and their families and that no due process violation exists.

For the reasons stated, the trial court erred in denying defendant's motion for accelerated judg-

ment. Accordingly, the decision of the trial court is reversed and this cause is remanded to the trial court with instructions to hold the matter in abeyance pending final resolution of defendant's appeal from the award of workers' compensation benefits. If defendant's liability for the payment of such benefits is ultimately upheld, the trial court shall enter an order granting accelerated judgment in favor of defendant on the basis of the exclusive remedy provision of the act. If defendant is successful on appeal and absolved from liability for such benefits, plaintiff's action may proceed.

Reversed and remanded.