UNIVERSAL LIFE CHURCH, INC v COMMISSIONER OF
LOTTERY

Docket No. 44195. Submitted December 6, 1979, at Grand Rapids.—
Decided March 10, 1980. Leave to appeal applied for.

The Universal Life Church, Inc., filed a declaratory judgment
action in Kent Circuit Court against the Commissioner of
Lottery when it became apparent that the Commissioner was
about to revoke certain bingo licenses issued to a Universal
Life Church in the Grand Rapids area. The licenses were
subsequently revoked and the circuit court, Stuart Hoffius, J.,
upheld the revocation. The plaintiff appeals, alleging that the
licenses were issued not to the local church but to the Univer-
sal Life Church, Inc. of California, which was a qualified
organization, and that Reverend Jay Rode of the Grand Rapids
church did not supply the Commissioner with false information
in his application for a bingo license on behalf of his church.
*Held:*

1. The trial court's determination that the Grand Rapids
church was a separate and individual church is clearly sup-
ported by the record.

2. The record also supports the trial court's finding that
Reverend Rode supplied false and misleading information in
the application for licenses.

3. The plaintiff failed to preserve for review the issue of the
constitutionality of the licensing statute and the record reveals
no clear and manifest injustice such as to require appellate
review on this issue.

Affirmed.

1. DECLARATORY JUDGMENTS — APPEAL — DE NOVO REVIEW.

The Court of Appeals reviews a declaratory judgment action *de
novo;* however, the trial court's ruling will be upheld absent an
abuse of discretion.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 872.
[2] 3 Am Jur 2d, Agency § 2.
[3] 5 Am Jur 2d, Appeal and Error § 574.
    16 Am Jur 2d, Constitutional Law § 174.

2. AGENCY — RIGHT OF CONTROL.

    The test for determination of whether or not an agency exists is whether the principal maintains a right of control; the label which the parties themselves place on their relationship is not determinative.

3. APPEAL — STATUTES — CONSTITUTIONAL LAW — PRESERVING QUESTION.

    The issue of the constitutionality of a statute is not preserved for appellate review where no objections were made in the proceedings below concerning the statute's constitutionality unless there is clear and manifest injustice.

*Morris & Smigiel,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert J. Taube* and *E. Boomie Mikrut,* Assistants Attorney General, for defendant.

Before: BRONSON, P.J., and ALLEN and R. M. MAHER, JJ.

PER CURIAM. Plaintiff appeals by right the order of the trial court denying the requested declaratory relief and upholding the decision of the Commissioner of Lottery revoking certain bingo licenses which had been issued to a Universal Life Church located in the Grand Rapids area.

On appeal, plaintiff argues that the applicant and recipient of the bingo licenses was the Universal Life Church, Inc. of California, and that this church was a qualified organization under MCL 432.103(6); MSA 18.969(103)(6) either because the church had been in existence continuously in excess of five years, or because it possessed a tax-exempt status. Plaintiff further argues that the Reverend Jay Rode of the Universal Life Church located in the Grand Rapids area did not supply the Commissioner of Lottery with false or mislead-

ing information in his application for a bingo license on behalf of the church, in violation of the statute and administrative rules relative to the issuance of bingo licenses.

Our review of this declaratory judgment action is *de novo,* and the precise question before us is whether the trial court abused its discretion. *Ravenna Education Ass'n v Ravenna Public Schools,* 70 Mich App 196, 200; 245 NW2d 562 (1976), *rem'd on other grounds* 399 Mich 854 (1977).

The basic issue in this case is whether the Universal Life Church, Inc. of California was the applicant and recipient of the bingo licenses, or whether the individual Universal Life Church located in the Grand Rapids area and led by the Reverend Jay Rode was the applicant and recipient of the licenses. The record indicates that, if Universal Life Church, Inc. of California was the applicant and recipient of the bingo licenses, it clearly was a qualified organization, either because it had been in existence for a period of over five years, or because it possessed a tax-exempt status. If the Reverend Rode's Universal Life Church, as a separate and individual church, was the applicant and recipient of the bingo licenses, however, it was not a qualified organization under the applicable statute.

The trial court determined as fact that Reverend Rode's Universal Life Church located in the Grand Rapids area was not the same church as the Universal Life Church, Inc. of California, and did not act on behalf of the California church but was a separate and individual church. Our review of the record supports that determination.

The test of whether an agency exists is whether the principal maintains a right to control. *Chester v World Football League,* 75 Mich App 455, 458;

255 NW2d 643 (1977). The label which the parties themselves place on their relationship is not determinative. *Lincoln v Fairfield-Nobel Co,* 76 Mich App 514, 520; 257 NW2d 148 (1977). The facts of the instant case clearly show that the Universal Life Church, Inc. of California had no control over the actions of Reverend Rode's Universal Life Church located in Grand Rapids. Reverend Rode's only connection with the Universal Life Church, Inc. of California, after his congregation came into being, was certain minimal reporting duties and a requirement to pay $2 per month to the California church for record keeping functions. Reverend Hensley, the founder and president of Universal Life Church, Inc. of California, admitted that he knew nothing of Reverend Rode's applications for bingo licenses until after those applications were made. The record clearly supports the trial court's finding that Reverend Rode's Universal Life Church located in the Grand Rapids area was a separate and individual church, and was not the same church as the Universal Life Church, Inc. of California.

The record also supports the trial court's finding that Reverend Rode's Universal Life Church supplied false and misleading information to the Commissioner of Lottery in support of its application for bingo licenses. Reverend Rode stated in the application for the first bingo license that his church had been in existence for a period of six years, when in fact it had not. Furthermore, Reverend Rode supplied the Commissioner of Lottery with a document indicating the tax-exempt status of the Universal Life Church, Inc. of California, upon which the Commissioner of Lottery believed that the Universal Life Church possessed a group tax exemption. In fact, the tax-exempt status

granted to the Universal Life Church, Inc. of California was only an individual tax exemption. Based on his belief that the exemption was a group exemption, the Commissioner believed that Reverend Rode's Universal Life Church was covered under the group exemption and therefore was also tax exempt.

Plaintiff finally argues that MCL 432.103(6); MSA 18.969(103)(6) violates the First Amendment of the United States Constitution by favoring more established religions. Since plaintiff made no objections in the proceedings below concerning the constitutionality of this statute, this issue is not preserved for appellate review unless there is clear and manifest injustice. See *People v Penn,* 70 Mich App 638, 642; 247 NW2d 575 (1976). Our review of the record and briefs on appeal indicates no clear and manifest injustice.

Affirmed.