McGRUDER v MICHIGAN CONSOLIDATED GAS COMPANY

Docket No. 47873. Submitted May 6, 1981, at Detroit.—Decided March 2, 1982.

Plaintiffs Linda McGruder, Brenda Berman, Sheila Martin and Olivia Price were tenants of a multi-unit apartment building in Detroit, Michigan. The building was owned by Walter Deuchler, an absentee landlord. Michigan Consolidated Gas Company supplied gas to the building and The Detroit Edison Company supplied electricity pursuant to contracts with Deuchler. Under the contracts, Deuchler was solely responsible for payment of the services. Subsequently, Deuchler required that Consolidated and Detroit Edison terminate utility services to the building. Thereupon, Consolidated and Edison terminated utility services to the premises. The next day, plaintiffs filed suit in Wayne Circuit Court against Deuchler, Consolidated, and Edison seeking injunctive and declaratory relief as well as damages for alleged wrongful termination of utility services, alleging violation of the rules of the Public Service Commission. On that date, the court, Charles Kaufman, J., issued a temporary restraining order, compelling Consolidated and Edison to restore utility services to the premises. Thereupon, services were immediately restored by the utility companies. Judge Kaufman subsequently granted summary judgment to Consolidated and Edison. Thereafter, a final order was entered, dismissing the complaint against the utility companies. The plaintiffs appeal alleging violation of due process. *Held:*

1. The claim of violation of due process has not been preserved for review.

2. The trial court did not err in granting summary judgment. The applicable Public Service Commission Rule (1974 AACS, R 460.2162) applies only where the customer refuses to pay for

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law §§ 821-824.
[2, 4] 5 Am Jur 2d, Appeal and Error §§ 545, 574.
[3] 5 Am Jur 2d, Appeal and Error § 685.
[5] 61A Am Jur 2d, Pleading § 236.

service supplied to another person. There is no evidence in the record that Deuchler refused to pay the utility bills.

Affirmed.

N. J. KAUFMAN, J., dissented. He agreed that the plaintiffs' due process argument was not preserved for appeal. However, he would remand the case for a determination of whether the utility companies violated the Public Service Commission Rules. If it were determined that such regulations were not violated, the grant of summary judgment should be affirmed. If, however, the trial court would find that the utility companies should have made a determination of feasibility and notified the tenants that services could be transferred to their names before terminating such services, he would reverse the grant of summary judgment.

## OPINION OF THE COURT

1. CONSTITUTIONAL LAW — DUE PROCESS.

The Due Process Clauses of the Michigan and United States Constitutions can only be invoked where there is state action (US Const, Am XIV, Const 1963, art 1, § 17).

2. APPEAL — APPELLATE COURTS.

The function of an appellate court is restricted to the test of questions which, in the court below, have been raised and saved for review, and a claim not so raised should not be considered by an appellate court, even if the claim may be of some merit and even if it is a constitutional question.

3. APPEAL — PRESERVING QUESTION.

Any issue not briefed and supported on appeal is considered abandoned.

## DISSENT BY N. J. KAUFMAN, J.

4. APPEAL — APPELLATE FUNCTION — PRESERVING QUESTION — CONSTITUTIONAL LAW.

*The function of an appellate court is restricted to the test of questions which have been raised in the court below and saved for review; even a constitutional question which has not been raised below will not be passed upon on appeal.*

5. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADINGS — COURT RULES.

*A motion for summary judgment for failure to state a claim upon which relief can be granted is to be tested by the pleadings alone; it tests the legal basis of the complaint, not whether it*

*can be factually supported; the factual allegations of the com-*
*plaint are taken as true, along with any inferences or conclu-*
*sions which may fairly be drawn from the facts alleged; the*
*motion should be denied unless the claim is so clearly unen-*
*forceable as a matter of law that no factual development can*
*possibly justify a right to recover (GCR 1963, 117.2[1]).*

Wayne County Neighborhood Legal Services, Inc. (by *Mark H. Magidson*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg,* for Michigan Consolidated Gas Company.

*Michael D. Gladstone,* for The Detroit Edison Company.

Before: DANHOF, C.J., and N. J. KAUFMAN and J. L. BANKS,[*] JJ.

DANHOF, C.J. We agree with the dissenting opinion in that it affirms the trial court's dismissal of the constitutional claim. However, we also affirm the trial court's ruling that 1974 AACS, R 460.2162 was not violated by the defendants herein.

The Due Process Clause can only be invoked when there is state action. *Shavers v Attorney General,* 402 Mich 554, 597; 267 NW2d 72 (1978). All of the cases plaintiffs cite in support of their due process argument involve a governmental agency or state action creating or terminating the particular rights and entitlements. *E.g., Goldberg v Kelly,* 397 US 254; 90 S Ct 1011; 25 L Ed 2d 287 (1970), involving termination of continued welfare benefits, and *Bell v Burson,* 402 US 535; 91 S Ct 1586; 29 L Ed 2d 90 (1971), involving continued use of a driver's license.

Defendants assert that the question of state

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

action was not presented to the trial court. Plaintiffs have failed to present evidence in the record that they argued the existence of state action below. Consequently, we agree with the dissenting opinion in that it holds that the claim of due process violation has not been preserved for review and is not presently before this Court. *Oakland County v Detroit,* 81 Mich App 308, 313; 265 NW2d 130 (1978), *lv den* 403 Mich 810 (1978).

The issue of whether defendants complied with 1974 AACS, R 460.2162 in terminating service without giving plaintiffs notice and a hearing has not been appealed. This Court will not review *sua sponte* issues abandoned on appeal. *Royal Indemnity Co v H S Watson Co,* 93 Mich App 491, 494; 287 NW2d 278 (1979).

At any rate, we find no error in the trial court's ruling. By its very terms, R 460.2162 applies only where the customer refuses to pay for service supplied to another person. There is no evidence in the record before us that defendant Deuchler refused to pay the utility bills. Furthermore, it appears that plaintiffs were without utility service for only one day, negating a finding of injustice.

Affirmed. No costs, a public question being involved.

J. L. BANKS, J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent.

This is a gas and electricity shut-off case brought by plaintiffs against their landlord and against the utility companies. Apparently, the action below remains pending against defendant Deuchler, the landlord. Therefore, this appeal concerns only Michigan Consolidated Gas Company and the Detroit Edison Company.

Plaintiffs appeal as of right from a November 29, 1979, order of the Wayne County Circuit Court which, pursuant to GCR 1963, 518.2, certified as a final order a summary judgment granted in favor of defendants Michigan Consolidated Gas Company (Consolidated) and Detroit Edison Company (Edison) entered July 20, 1979.[1]

Clarifying the facts of the case at bar is hampered by the fact that while the case procedurally consisted of three hearings, the transcript contains only a record of one hearing. Thus, the following recitation of the underlying facts is a reconstruction from the briefs on appeal and the limited transcript before us.

Plaintiffs are four tenants who, with nine children, reside in a multi-unit apartment building located at 14535-14545 Charlevoix, in Detroit, Michigan.[2] Three of said tenants receive Aid to Dependent Children and one receives Unemployment Compensation. The building is owned and operated by Walter Deuchler, who is an absentee landlord. Defendant Consolidated supplied gas to the apartment building pursuant to a contract with its customer of record, Deuchler.[3] Under the terms of the contract, Deuchler was solely responsible for payment for the utility services.

On February 13, 1979, Deuchler requested that Consolidated terminate utility service to 14535-14545 Charlevoix on the following day. Consolidated attempted to honor this request on February

[1] As plaintiffs only argue the grant of summary judgment in this appeal, I assume that the issues of amendment and rehearing have been abandoned.

[2] Apparently, appellant Olivia Price has moved from the building during the pendency of this appeal. It is unclear whether or not she remains a party to the instant case.

[3] There are a total of four meters on the premises: two meters are for cooking, one is for heating and one is for hot water.

14, 1979, but serviceman Richard Zoltowski was unable to gain access to that portion of the building where the meters were located. On February 15, 1979, Walter Deuchler made a second request for utility service termination. This "off" order was executed on February 15, 1979, in the presence of Mr. Deuchler.

On February 16, 1979, plaintiffs filed a complaint in the Wayne County Circuit Court, seeking injunctive and declaratory relief as well as damages for alleged wrongful termination of service. On that date, the court issued a temporary restraining order, compelling Consolidated and Edison to restore utility service to the premises. Pursuant to this order, service was immediately restored by the utility companies. Plaintiffs' complaint alleges that Consolidated and Edison failed to comply with the rules of the Public Service Commission and the requirements of the Due Process Clauses of the United States and Michigan Constitutions because they did not provide notice and a hearing to the tenants prior to the termination of utility services.

Thereafter, Consolidated and Edison filed motions for summary judgment. A hearing was held on May 4, 1979, at which time the motions were granted on the basis that the rules of the Public Service Commission did not apply to the defendants under the facts and circumstances of the instant controversy. Subsequently, on July 20, 1979, the trial court reaffirmed its grant of summary judgment on the due process claims, finding that the plaintiffs had sufficient notice pending shutoff.

Thereafter, plaintiffs filed a motion for entry of a final order and on November 9, 1979, a hearing

was held thereon.[4] The trial judge reiterated his conclusion that plaintiffs had no property interest or entitlement to continued gas service. Consequently, the trial court held that plaintiffs had failed to state a cause of action. In so holding, the court stated:

"The next time I hear about you three, I want to hear what the Court of Appeals did with this case. I don't want to hear any more here. The court did originally grant a summary judgment. That summary judgment was based upon the fact that the court found that there was no valid cause of action stated against the two defendants that the court granted a summary judgment in favor of.

"In granting that summary judgment the court found in addition to the fact that there was clearly no violation of the rules and regulations under which these defendants operate, the court also found that there was no deprivation of the property or legal rights of the plaintiffs which would constitute a denial of due process. On that issue the court felt that the summary judgment covered it. If counsel wants, he can enter an order that the previous summary judgments were final judgments as far as it adjudicated the rights of the plaintiffs and those defendants."

On November 29, 1979, a final order was entered dismissing the complaint and the matter was appealed to this Court.

As noted, plaintiffs' claims against Deuchler for damages are currently pending in Wayne County Circuit Court. It is undisputed that plaintiffs now have utility service since they have arranged with

[4] The transcript of the November 9th hearing is the only transcript with which this Court has been provided. At that hearing, no testimony was taken. I would strongly advise trial courts as a matter of course to make records of all hearings, but especially in cases of this importance.

both Consolidated and Edison to have the bills transferred to their own names.

As has been stated, this Court is limited in its ability to review the grant of summary judgment in the instant case because we have only a record of one of the three hearings which occurred. Initially, it must be noted that, insofar as the record before us and the statements of counsel at oral arguments reflect, the issue of state action was not raised in plaintiffs' complaint. Plaintiffs may mean for us to infer that where any violation of a state or federal constitution is alleged, state action must be at issue. The majority and I agree that we must reject such an inference. Because the issue of state action was not raised in the trial court, it shall not be addressed by this opinion. Therefore, plaintiffs' due process argument, Const 1963, art 1, § 17, US Const, Am XIV, which necessitates a finding of state action may not be properly raised on appeal. Constitutional challenges may not be raised for the first time on appeal. *Universal Life Church, Inc v Comm'r of Lottery,* 96 Mich App 385, 389; 292 NW2d 169 (1980), *lv den* 409 Mich 936 (1980), *Falk v Macomb County Civil Service Comm,* 57 Mich App 134; 225 NW2d 713 (1974), *lv den* 394 Mich 819 (1975).

The basis for the trial court's grant of summary judgment was that the court found no valid cause of action stated against the defendant utility companies. In a motion for summary judgment under GCR 1963, 117.2(1), a court looks to the pleadings only. Such a motion is intended to test the legal basis of a complaint, as opposed to the facts available to support it. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980). Allegations of fact contained in the plaintiffs' complaint and fairly drawn inferences or conclusions

therefrom are to be taken as true. Unless the claim is so clearly unenforceable as a matter of law that no factual development could establish a basis of recovery, the motion must be denied. See *Staffney v Fireman's Fund Ins Co,* 91 Mich App 745, 751; 284 NW2d 277 (1979).

Plaintiffs, in arguing that termination violated the rules of the Public Service Commission, relied on 1974 AACS, R 460.2162 of the Consumers Standards and Billing Practices, Electrical & Gas Residential Service, Michigan Administrative Code. That rule provides:

"Rule 62. (1) None of the following shall constitute sufficient cause for a utility to discontinue service:

\* \* \*

"(d) The failure of a customer, such as a landlord, to pay for service where service is used by another person, such as a tenant. A utility may discontinue service, however, \* \* \*

"(i) If the customer supplies a written statement under oath that the premises are unoccupied.

\* \* \*

"(iii) If it is not feasible to provide service to the occupant as a customer without a major revision of existing distribution facilities. Where it is feasible to so provide service, the utility, after providing notice as required in these rules, shall offer the occupant the opportunity to subscribe for service in his own name. If the occupant then declines to so subscribe, the utility may discontinue service pursuant to these rules. A utility shall not attempt to recover, or condition service upon the payment of, any outstanding bills or other charges dues upon the account of any other person."

All parties to this appeal have presented well-written briefs. However, it appears that in the brief for defendant Consolidated, counsel has sought to shift the burden for making the arrange-

ments to transfer the service to the occupants own name onto the plaintiffs. I do not believe that Rule 62(1)(d)(iii) mandates an inquiry by the tenant as to whether service could be put in his or her names before the utility company must offer the occupant the opportunity to so subscribe.

Defendants argue that the second part of (iii), *supra,* need not be reached, as they have determined that it was not feasible to provide service to the tenants without a major revision, thus making the notification requirement inapplicable to the instant case. Defendant Consolidated implies that there were 30 units in the building in question; however, this is unclear and even if true, does not alone answer the question of feasibility.

I would remand this case for a determination of whether the defendant utility companies violated the Public Service Commission Rules as previously discussed herein. If it were to be determined that such regulations were not violated, the grant of summary judgment would be affirmed. If, however, the trial court would find that the utility companies should have made a determination of feasibility and notified the tenants that service could be put in their names before terminating such service, I would reverse the grant of summary judgment.