MEECE v MEECE

Docket No. 187067. Submitted February 18, 1997, at Lansing. Decided May 2, 1997, at 9:10 A.M.

Merle Meece filed in the Shiawassee Circuit Court a complaint for divorce from Franchen Meece and an affidavit in support of the suspension of court fees and costs, stating that he was a recipient of public assistance. The court, Gerald D. Lostracco, J., suspended fees and costs, but ordered that the plaintiff pay a filing fee at a later date. The court granted a judgment of divorce that it later amended to require the plaintiff to pay court costs after the plaintiff told the court that he was employed. The plaintiff appealed, challenging the imposition of costs.

The Court of Appeals *held*:

A presumption of indigency arises under MCR 2.002(C) when a party shows by ex parte affidavit or otherwise that the party is receiving public assistance. Absent a finding that negates that presumption, a court must suspend the party's payment of fees and costs. In this case, the trial court abused its discretion in initially requiring the plaintiff to pay fees in the absence of evidence overcoming the presumption of indigency. Reversal is not required, however, because the presumption of indigency was negated before the entry of the amended judgment of divorce requiring payment of fees when the plaintiff indicated to the trail court that he was employed. MCR 2.002(G) allows a court to reinstate waived or suspended fees or costs when the reason for waiver or suspension no longer exists.

Affirmed.

COSTS — SUSPENSION OF FEES AND COSTS — PUBLIC ASSISTANCE — INDIGENCY.

A presumption of indigency arises when a party shows by ex parte affidavit or otherwise that the party is receiving public assistance; absent a finding that negates that presumption, a trial court must suspend fees and costs the party is required by law or court rule to pay in litigating an action (MCR 2.002[C]).

Legal Aid of Central Michigan (by *Donald L. Reisig*), for the plaintiff.

Before: TAYLOR, P.J., and McDONALD and C. J. SINDT*, JJ.

McDONALD, J. Plaintiff appeals as of right from a June 15, 1995, amended judgment of divorce that included a provision requiring plaintiff to pay $62 in filing fees by July 1, 1995. We affirm.

When plaintiff filed his complaint for divorce he included an affidavit in support of the suspension of fees and costs. Plaintiff claimed he was entitled to the suspension because he was receiving public assistance in the form of monthly social security benefits. The circuit judge signed the order, checking the box indicating:

> Fees and costs in this action are suspended until further order of the court. Before any final disposition or discontinuance is entered the moving party shall bring the fee and costs suspension to the attention of the judge for final disposition.

Following this language, the judge inserted an asterisk and in handwriting added, "[p]laintiff to pay filing fee to Clerk of Court by no later than February 17, 1995." There is no indication the court had evidence or information relating to plaintiff's financial status other than that contained in the affidavit at the time it entered the order.

The complaint was filed and no costs or fees were submitted by February 17. The parties were granted a judgment of divorce on June 2, 1995. During this hearing the court inquired whether plaintiff had paid the court costs. Plaintiff responded he had not, admitted he was working, and told the court he could pay the

* Circuit judge, sitting on the Court of Appeals by assignment.

$62 within two weeks. The judgment of divorce was amended to require plaintiff to pay the costs within one month.

On appeal, plaintiff contends imposition of the costs was improper. We disagree. At the time the trial court suspended the costs for plaintiff, MCR 2.002, the court rule regarding the waiver or suspension of fees and costs for indigent persons, provided in pertinent part:[1]

> (C) Persons Receiving Public Assistance. If a party shows by ex parte affidavit or otherwise that he or she is receiving any form of public assistance, the payment of fees and costs required by law or court rule as to that party shall be suspended.
>
> (D) Other Indigent Persons. If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs required by law or court rule, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation.
>
> \*     \*     \*
>
> (G) Reinstatement of Requirement for Payment of Fees and Costs. If the payment of fees or costs has been waived or suspended under this rule, the court may on its own initiative order the person for whom the fees or costs were waived or suspended to pay those fees or costs when the reason for the waiver or suspension no longer exists.

Court rules are construed according to the rules for statutory construction. Where the language of a court rule is clear, it should be applied as written. *Bruwer v Oaks (On Remand)*, 218 Mich App 392; 554 NW2d 345 (1996). A court rule should be construed in accor-

---

[1] MCR 2.002(A)(2) was amended effective July 1, 1995, to include a new definition for "fees and costs." The amendment is not relevant here.

dance with the ordinary and approved usage of the language and in light of the purpose to be accomplished. *Smith v Henry Ford Hosp*, 219 Mich App 555; 557 NW2d 154 (1996). Reading MCR 2.002(C), (D), and (G) together, we find MCR 2.002(C) creates a presumption of indigency when parties verify their support by means of public assistance.[2] See *Hadley v Ramah*, 134 Mich App 380; 351 NW2d 305 (1984), and *Koss v Dep't of Corrections*, 184 Mich App 614; 459 NW2d 34 (1990). Here, because plaintiff claimed he was the recipient of public assistance benefits in his affidavit in support of suspension of the filing fees for his complaint, absent some type of hearing or finding negating the presumption plaintiff was indigent, MCR 2.002(C) required the court to suspend the fees. The lower court, therefore, abused its discretion in including within its original order suspending fees the requirement the fees be paid by a later specific date.[3] Nonetheless, reversal of that portion of the judgment requiring the payment of fees is unnecessary. Although the court improperly ordered the payment of fees in the original order because there was no evidence presented at that time to overcome the presumption of plaintiff's indigency, sufficient evidence revealing plaintiff's ability to pay the fees was presented at the June 2 hearing.[4] MCR 2.002(G).

---

[2] We do not decide the issue whether social security benefits should qualify as public assistance under MCR 2.002(C) because the trial court did not decide this issue contrary to plaintiff's position.

[3] We do not mean to imply that a "delayed" suspension could never be permitted under the court rule. Should the facts presented the court with the initial affidavit requesting suspension indicate a change in circumstances certain to occur at a later date, such an order may be appropriate. Such facts are not presented in this case.

[4] Plaintiff's reliance on *Boddie v Connecticut*, 401 US 371; 91 S Ct 780; 28 L Ed 2d 113 (1971), is misplaced. Plaintiff was not deprived access to

The judgment of divorce is affirmed. No taxable costs pursuant to MCR 7.219, the construction of a court rule being involved.

---

the courts. Plaintiff was permitted to file his divorce complaint without any fees or costs.