# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of BONNIE J. DECOSTE.

MARK A. DECOSTE,

          Appellant.

UNPUBLISHED
November 6, 2014

No. 316896
Jackson Probate Court
LC No. 13-000321-DE

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Appellant appeals as of right the trial court order denying his motion for reconsideration of the denial of his request to waive/suspend fees under MCR 2.002(C). We reverse.

## I. WAIVER/SUSPENSION OF FEES

## A. STANDARD OF REVIEW

Appellant contends that the trial court erred in denying his request for a fee waiver based on his receipt of public assistance.

This issue requires the interpretation of court rules, which "are construed according to the rules for statutory construction. Where the language of a court rule is clear, it should be applied as written." *Meece v Meece*, 223 Mich App 344, 346-347; 566 NW2d 310 (1997); see also *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). "If the rule's language is plain and unambiguous, then judicial construction is not permitted and the rule must be applied as written." *Jenson v Puste*, 290 Mich App 338, 342; 801 NW2d 639 (2010).

"This Court reviews for an abuse of discretion a trial court's decision on a motion for reconsideration." *In re Estate of Moukalled*, 269 Mich App 708, 713; 714 NW2d 400 (2006). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

## B. ANALYSIS

-1-

At issue in this case is the meaning of MCR 2.002(C), which provides: "If a party shows by ex parte affidavit or otherwise that he or she is receiving any form of public assistance, the payment of fees and costs as to that party shall be suspended." Here, appellant submitted an application for informal probate and/or appointment of personal representative for his mother's estate and indicated via affidavit that he was receiving public assistance. The clerk denied the fee waiver. The trial court denied appellant's subsequent motion for reconsideration, stating that because appellant was anticipating receipt of the real estate, he was not actually indigent and was not entitled to a fee suspension or waiver.

The trial court was in error. "MCR 2.002(C) creates a presumption of indigency when parties verify their support by means of public assistance." *Meece*, 223 Mich App at 347. The plain language of the rule provides that if a party shows by affidavit receipt of any form of public assistance, "the payment of fees and costs as to that party *shall* be suspended." MCR 2.002(C) (emphasis added). As the Michigan Supreme Court has held, "[t]he use of the word 'shall' indicates a mandatory directive." *Costa v Community Emergency Med Servs, Inc*, 475 Mich 403, 420; 716 NW2d 236 (2006). Thus, under the plain language of the court rule, plaintiff was entitled to a suspension of fees as he demonstrated by affidavit that he was receiving public assistance.

The trial court impermissibly read an exception into the court rule. Contrary to the trial court's ruling, MCR 2.002(C) makes no mention of circumstances where petitioners will potentially receive assets after an estate is probated. Nor does MCR 2.002(C) make any mention of indigency, as it only refers to public assistance.[1]

The trial court's ruling is further inconsistent with other subsections of the court rule, namely MCR 2.002(G). That section provides: "If the payment of fees or costs has been waived or suspended under this rule, the court may on its own initiative order the person for whom the fees or costs were waived or suspended to pay those fees or costs when the reason for the waiver or suspension no longer exists." Thus, the proper procedure would have been for the trial court to comply with the plain language of MCR 2.002(C), but when the reason for the suspension disappeared, order appellant to pay such fees.

Because the trial court's ruling contravened the plain language of MCR 2.002(C), it was in error.

---

[1] MCR 2.002(D) is the subsection involving indigency.

## II. CONCLUSION

The trial court erred in denying appellant's motion for reconsideration. We reverse. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan