# STATE OF MICHIGAN

# COURT OF APPEALS

ALIKA SHOVER,

        Plaintiff-Appellant,

v

JASON SHOVER,

        Defendant-Appellee.

UNPUBLISHED
October 20, 2016

No. 327548
Monroe Circuit Court
Family Division
LC No. 14-037178-DM

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing her complaint for divorce. On appeal, plaintiff contends that the trial court erred when it dismissed her case and failed to consider plaintiff's indigent status when it reinstated plaintiff's fees and costs. We affirm.

This action arises from plaintiff and defendant's divorce proceedings. On May 29, 2014, plaintiff filed a complaint requesting a judgment of divorce. She also filed an affidavit demonstrating her receipt of public assistance and indigent status. Thereafter, the trial court ordered a suspension of plaintiff's fees and costs under MCR 2.002(D). Defendant failed to respond to plaintiff's complaint, prompting plaintiff to request an entry of default, which was entered on July 24, 2014. The trial court held a hearing on plaintiff's request for entry of a default judgment of divorce on January 21, 2015, where the court informed plaintiff that she owed $230 in fees before the court would enter and sign the default judgment of divorce. Plaintiff never paid the $230 fee, and several months later, the trial court scheduled a pretrial conference in order to "facilitate entry of a [j]udgment," sending notice to both plaintiff and defendant. Neither plaintiff nor defendant appeared at the pretrial conference. The trial court subsequently issued an order dismissing plaintiff's complaint on the grounds that the parties failed to appear for the pretrial conference and failed to submit judgment.

On appeal, plaintiff argues that the trial court violated MCR 2.002 by requiring her to pay a $230 fee before it would enter and sign the default judgment of divorce. Plaintiff contends that her case should be reinstated and the fee waived because of her indigent status or, at the very

-1-

least, the trial court should make an inquiry regarding plaintiff's indigent status and allow her to submit an updated affidavit in support of her request to waive fees. Pursuant to MCR 2.002(C),[1] a presumption of indigency arises once a party makes a showing, by affidavit or otherwise, of receipt of public assistance. See *Hadley v Ramah*, 134 Mich App 380, 387-388; 351 NW2d 305 (1984). Once that presumption is established, "absent some type of hearing or finding negating the presumption [that a] plaintiff was indigent, MCR 2.002(C) require[s] the court to suspend the fees." *Meece v Meece*, 223 Mich App 344, 347; 566 NW2d 310 (1997). However, if "sufficient evidence" later reveals a "plaintiff's ability to pay the fees," the court may order payment of the waived or suspended fees. *Id.*; see also MCR 2.002(G) (stating that a court may, on its own initiative, order payment of previously waived or suspended fees "when the reason for the waiver or suspension no longer exists"). Requiring the payment of previously suspended fees thus requires the taking of additional evidence that would overcome the presumption of indigency and support the party's ability now to pay the suspended fees.

In this case, plaintiff argues that her case should be reinstated and the $230 fee waived in light of the trial court's failure to find that the information she provided in her affidavit was untrue or that her circumstances had sufficiently changed such that she had an ability to pay the fee. Had this been the sole basis of the dismissal this argument might have prevailed. However, plaintiff ignores that the trial court ultimately dismissed her case for both "failure . . . to submit judgment and failure to appear for [the] court-ordered status conference . . . ." At the pretrial conference, the trial court explained that notice was sent to both parties approximately two weeks earlier, yet neither party appeared. See MCR 2.401(G) (stating that a party's failure to attend a scheduled conference is proper grounds for dismissal under MCR 2.504(B)); MCR 2.504(B)(1) (stating that party's case may be involuntarily dismissed for failure to comply with the court rules). On appeal, plaintiff does not challenge the trial court's decision to dismiss her case on the basis of her failure to appear at the pretrial conference, rendering the issue abandoned. See *McGruder v Mich Consol Gas Co*, 113 Mich App 664, 667; 318 NW2d 531 (1982) ("This Court will not review *sua sponte* issues abandoned on appeal."). Accordingly, regardless of the resolution of the fee waiver issue, plaintiff's case remains dismissed and she is not entitled to reinstatement. See *In re Gerald L Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015) (explaining that this Court will not "declare legal principles that have no practical effect in a case").

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

---

[1] MCR 2.002(C) states that "[i]f a party shows by ex parte affidavit or otherwise that he or she is receiving any form of public assistance, the payment of fees and costs as to that party shall be suspended." Likewise, MCR 2.002(D) provides that "[i]f a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation."